UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LISA SHERMAN, ET AL. | CIVIL ACTION |
| VERSUS | No.: 17-4061 |
| LUKE IRWIN, ET AL. | SECTION: "J" (2) |

## ORDER & REASONS

Before the Court is a *Motion for Summary Judgment* **(Rec. Doc. 98)** filed by Defendants Randy Smith and the City of Slidell, an opposition thereto (Rec. Doc. 109) filed by Plaintiff Lisa Sherman, and a reply (Rec. Doc. 113) by Defendants Smith and Slidell. After a status conference, the Court allowed Defendant Luke Irwin to file a supplemental memorandum joining in the Motion for Summary Judgment (Rec. Doc. 124), to which Plaintiff filed a supplemental opposition (Rec. Doc. 125). Having considered the motion and memoranda, the record, and the applicable law, the Court finds that the motion should be **GRANTED**.

## FACTS AND PROCEDURAL BACKGROUND

This litigation involves an alleged nonconsensual sexual relationship between Plaintiff Lisa Sherman and Defendant Luke Irwin, a Slidell Police Officer ("Officer Irwin"). Ms. Sherman alleges that in the summer of 2015 through early May 2016, she was subjected to a series of continuous sexual assaults by Officer Irwin, which caused her extreme humiliation, embarrassment, and psychological injury. During that time, Officer Irwin allegedly created and maintained a nonconsensual sexual

relationship with Ms. Sherman through coercion and intimidation as a Slidell police officer including threatening her relationship with her children and her attempt to gain custody of a child.

On April 26, 2017, Ms. Sherman[1] filed suit in this Court against Officer Irwin, Randy Smith, the former Chief of the Slidell Police Department ("former Chief Smith"), and the City of Slidell.[2] Ms. Sherman asserts § 1983 claims against all Defendants, state law claims for physical assault, sexual assault, and intentional infliction of emotional distress against Officer Irwin, and state law vicarious liability claims against former Chief Smith and the City.

The Court previously dismissed Plaintiff's § 1983 claims as to any conduct that allegedly occurred before April 26, 2016, as prescribed.[3] Therefore, with respect to these claims, the only actionable conduct at issue is an alleged sexual assault that occurred on May 5, 2016.[4]

## **PARTIES ARGUMENTS**

Defendants' main argument is that the alleged May 5, 2016 sexual assault could not have occurred because Officer Irwin was not physically present in Louisiana on the day in question. They assert instead that he was in Montana visiting his ill father and provide the following evidence to support this contention: (1) Officer Irwin's application for Family Medical Leave Act ("FMLA") leave for April 27, 2016,

---

[1] Ms. Sherman's husband, Randy Sherman, was also listed as a plaintiff, but he was dismissed as a sanction for his refusal to participate in discovery. (Rec. Doc. 85).
[2] Randy Fandal, the current Chief of the Slidell Police Department, was also initially named as a defendant, but he was voluntarily dismissed from this action by Plaintiff. (Rec. Doc. 24).
[3] (Rec. Docs. 46, 50).
[4] Plaintiff's state law claims are subject to a three-year prescriptive period.

2

through May 6, 2016;[5] (2) documents from his personnel file showing he used family leave from April 27, 2016, to May 6, 2016;[6] (3) his flight reservation with Delta Airlines showing that he left New Orleans on April 27, 2016, and returned from Montana on May 6, 2016;[7] (4) a receipt dated May 5, 2016, from the B&B Motel in Lewistown, Montana, with Officer Irwin's name listed;[8] (5) an email dated April 25, 2016, from Kathy Irwin, his mother, to Officer Irwin discussing his travel plans but without any indication of location;[9] (6) a credit card statement for Jennifer Irwin, Officer Irwin's wife, showing two charges at the B&B Motel on May 5, 2016;[10] and (7) a statement for Officer Irwin and his wife's joint checking account with Regions Bank showing his debit card made purchases in Montana between April 28, 2016, and May 6, 2016.[11] Additionally, Officer Irwin testified at his deposition that he personally obtained the healthcare provider's signature on the FMLA paperwork on May 5, 2016.[12]

Plaintiff's opposition challenges the credibility of this evidence but ultimately does not present any evidence, other than her deposition testimony, tending to show that Officer Irwin was in Louisiana rather than Montana on May 5, 2016. For instance, she argues that the flight reservation was made in advance and does not

---

[5] (Rec. Doc. 98-5, at 14-17).
[6] *Id.* at 19-21.
[7] (Rec. Doc. 124-2, at 1-2).
[8] (Rec. Doc. 124-3, at 1). Officer Irwin claims to have also submitted receipts from the B&B Motel for May 4, 2016; however, such receipts have not been filed into the record.
[9] *Id.* at 2.
[10] (Rec. Doc. 124-4).
[11] (Rec. Doc. 124-6, at 2-3). There is one additional charge in Montana dated May 9, 2016; Defendants explain that any charges made on Fridays after the bank closes are posted the following Monday. (Rec. Doc. 124, at 10).
[12] (Rec. Doc. 98-5, at 12; *see id.* at 17).

establish that the flights reserved were those actually taken. She similarly argues that the motel receipts and debit card statement are ambiguous because it is unclear when the charges were actually incurred. She contends that the healthcare documents do not establish Officer Irwin was in Montana on May 5, 2016, because the last date of his father's treatment was May 4, 2016, and his electronic signature, dated May 5, 2016, does not conclusively place him in Montana or anywhere else. She moves to strike the flight confirmation, B&B Motel receipts, and Regions Bank statement because they are not competent summary judgment evidence, arguing they are inconsistent, unreliable, and not authenticated. Finally, Plaintiff requests a continuance pursuant to Rule 56(d)(2) to depose Officer Irwin and his wife on their newly-submitted evidence.

## **LEGAL STANDARD**

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing FED. R. CIV. P. 56); *accord Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). When assessing whether a dispute as to any material fact exists, a court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008). All reasonable inferences are drawn in favor of the nonmoving party, but a party cannot defeat summary judgment with conclusory allegations or

unsubstantiated assertions. *Little*, 37 F.3d at 1075. A court ultimately must be satisfied that "a reasonable jury could not return a verdict for the nonmoving party." *Delta*, 530 F.3d at 399.

If the dispositive issue is one for which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See id.* at 324. The nonmovant may not rest upon the pleadings but must identify specific facts that establish a genuine issue at trial. *See id.* at 325; *Little*, 37 F.3d at 1075.

## **DISCUSSION**

Before the Court discusses the merits of the motion, the Court will briefly address Plaintiff's arguments regarding the applicable burden of proof, as Plaintiff incorrectly frames the issue as one of prescription. Plaintiff filed her original complaint on April 26, 2017; it is undisputed that this was within the one-year prescriptive period of the alleged May 5, 2016 sexual assault. At issue is whether this assault could have even occurred, given Defendants' contentions that Officer Irwin was in Montana on the date in question.

At trial, Plaintiff bears the burden of establishing her prima facie case of a violation of her constitutional rights. *See, e.g.*, *Cornett v. Longois*, 871 F. Supp. 918, 922 (E.D. Tex. 1994). Accordingly, summary judgment for the Defendants is

5

appropriate if they can establish "that there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325. "[T]he plain language of Rule 56(c) mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* at 322-32. Therefore, to defeat summary judgment, Plaintiff must present some evidence that Officer Irwin was in Louisiana on May 5, 2016, the date she alleges he coerced her into having sex.

## I. PLAINTIFF'S MOTION TO STRIKE

Plaintiff argues that the flight confirmation, motel receipts, and Regions Bank statement are not competent summary judgment evidence and should be stricken because they are not certified or authenticated, internally inconsistent, and conflicting with Officer Irwin's testimony. Plaintiff cites *Lampley v. Brown*, No. 17-621, 2019 WL 4050523, at *2 (M.D. La. Aug. 9, 2019), for the proposition that "[u]ncertified, unsworn documents are not appropriate for consideration in ruling on a summary judgment motion." This is an outdated statement of the rule.

Following the 2010 amendments to the Federal Rules of Civil Procedure, the touchstone for summary judgment evidence is whether the evidence is capable of "be[ing] presented in a form that would be admissible" at trial. Fed. R. Civ. P. 56(c)(2); *see Lee v. Offshore Logistical & Transp., LLC*, 859 F.3d 353, 354-55 (5th Cir. 2017).

6

"Although the substance or content of the evidence submitted to support or dispute a fact on summary judgment must be admissible . . . , the material may be presented in a form that would not, in itself, be admissible at trial." *Lee*, 859 F.3d at 355 (alteration in original) (internal quotation marks and citation omitted). Thus, in *Lee* the Fifth Circuit held that the district court erred by "dismiss[ing] Captain Jamison's report solely because it was not sworn without considering [plaintiff's] argument that Captain Jamison would testify to those opinions at trial and without determining whether such opinions, as testified to at trial, would be admissible." *Id.*

Accordingly, Plaintiff's arguments on the inconsistency and unreliability of these documents have no bearing on whether they should be stricken from consideration, as these arguments speak to the weight this evidence should receive in considering the merits of the motion. Likewise, the lack of certification or authentication fails to demonstrate that this evidence is inadmissible at trial. Rather, the Court is of the opinion that this evidence would likely be admissible under the business-records exception to hearsay. *See* FED. R. EVID. 803(6). The Court declines Plaintiff's request to strike these documents from consideration.

## II. DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Turning to the merits of the motion, "a party's uncorroborated self-serving testimony cannot prevent summary judgment, particularly if the overwhelming documentary evidence supports the opposite scenario." *Vinewood Capital, LLC v. Dar Al-Maal Al-Islami Tr.*, 541 F. App'x 443, 447 (5th Cir. 2013) (per curiam) (citing *Vais*

7

*Arms, Inc. v. Vais*, 383 F.3d 287, 294 (5th Cir. 2004)). This is exactly the situation here.

In *Vinewood Capital*, the Fifth Circuit affirmed the grant of summary judgment for defendants on plaintiff's claims for breach of an alleged oral contract where the only evidence of the oral contract was plaintiff's deposition testimony and affidavit. 541 F. App'x at 448. The court held that the plaintiff's "self-serving testimony is belied by the parties' contemporaneous written communications and written agreements and is therefore insufficient to create an issue of fact." *Id.*

Here, Defendants present the following evidence in support of their motion: (1) Officer Irwin's deposition testimony that he was in Montana from April 27 to May 6, 2016, caring for his father;[13] (2) a Delta Airlines flight confirmation in Officer Irwin's name for a round-trip flight from New Orleans to Montana on April 27, 2016, and returning on May 6, 2016;[14] (3) a receipt from the B&B Motel in Montana dated May 5, 2016, and bearing Officer Irwin's name;[15] (4) a statement from Officer Irwin's wife's credit card showing two charges at the B&B Motel in Montana on May 5, 2016;[16] (5) a statement of Officer Irwin and his wife's joint Regions Bank checking account showing purchases in Montana between April 28 and May 9, 2016, by a card whose last four digits are 3119[17] and a declaration from his wife attesting that the card ending with 3119 belongs to Officer Irwin;[18] (6) Officer Irwin's application for FMLA

---

[13] (Rec. Doc. 98-5, at 6).
[14] (Rec. Doc. 124-2, at 1-2).
[15] (Rec. Doc. 124-3, at 1).
[16] (Rec. Doc. 124-4).
[17] (Rec. Doc. 124-6, at 2-3).
[18] (Rec. Doc. 124-5, at 1).

leave from April 27 to May 6, 2016;[19] and (7) documents from his personnel file showing he used family leave from April 27, 2016, to May 6, 2016.[20] Additionally, Officer Irwin testified at his deposition that he personally obtained the healthcare provider's signature on the FMLA paperwork on May 5, 2016.[21]

In opposition, the only evidence that Plaintiff presents of Officer Irwin being in Louisiana on May 5, 2016, is her deposition testimony.[22] Accordingly, Plaintiff has failed to carry her burden. *See Vinewood Capital*, 541 F. App'x at 447; *see also Celotex*, 477 U.S. at 324-25; *Little*, 37 F.3d at 1075. Moreover, her arguments concerning the inconsistency and unreliability of some of this evidence are unavailing. While the Court must draw all reasonable inferences in favor of Plaintiff as the nonmovant, it is not reasonable to infer either that Officer Irwin did not actually travel to Montana or that he returned before May 6, 2016, because Plaintiff has offered no support for these assertions. *See Little*, 37 F.3d at 1075. In other words, there is no genuine dispute of material fact because, on the evidence presented, no reasonable jury could return a verdict for Plaintiff. *See Anderson v. Liberty Lobby, Inc*, 477 U.S. 242, 248 (1986); *Delta*, 530 F.3d at 399.

### III. PLAINTIFF'S MOTION FOR A CONTINUANCE

Finally, Plaintiff requests that the Court continue and defer consideration of Defendants' motion pursuant to Rule 56(d)(2) so that she can depose Officer Irwin

---

[19] (Rec. Doc. 98-5, at 14-17).
[20] *Id*. at 19-21.
[21] *Id*. at 12; *see also id*. at 17 (signature of health care provider, dated May 5, 2016).
[22] (Rec. Doc. 109-2, at 48; *see also* Rec. Doc. 109, at 24-25 (arguing that Plaintiff's "testimony that she had nonconsensual sex with Mr. Irwin on May 5, 2016, is fatal to [Defendants'] request for summary judgment")).

9

and his wife on details related to the newly-submitted documentary evidence pertaining to his Montana trip, including the motel receipts and bank statements. Plaintiff seeks information on how the documents were obtained and explanations for inconsistencies such as why there is a charge made in Montana dated May 9, 2016, on Officer Irwin's bank statement if he returned from Montana on May 6, 2016.[23] However, Plaintiff fails to "explain how the desired discovery could give rise to a genuine issue of material fact," *Castro v. Texas Dept. of Criminal Justice*, 541 F. App'x 374, 378 (5th Cir. 2013) (per curiam); the questions Plaintiff seeks to have answered are not likely to lead to evidence that Officer Irwin was actually in Louisiana rather than Montana on May 5, 2016.

Plaintiff complains of the late disclosure of this evidence, and the Court agrees that such dilatory conduct should not be condoned. For instance, Officer Irwin's suggestion that the flight confirmation "was not provided until recently by Delta Airlines due to the flight reservations being from 2016, three years previous to the request"[24] is belied by the document itself, which shows that the confirmation was sent from Delta to the email address "cgchiro@att.net" on April 22, 2016, and from that email address to counsel for Officer Irwin on November 13, 2019,[25] the day after the status conference in which the Court granted Officer Irwin leave to file the amended motion for summary judgment. Further, Officer Irwin provides no evidence of when the alleged request to Delta was made.

---

[23] Defendants explain in their brief that the charge was made on Friday, May 6, 2016 after the bank closed and was posted to the account statement the following Monday. (Rec. Doc. 124, at 10).
[24] (Rec. Doc. 124, at 8).
[25] (Rec. Doc. 124-2, at 1).

Nevertheless, all of this is undercut by the fact that Plaintiff, in the almost two and a half years available for discovery, has failed to obtain any evidence corroborating her allegations. For instance, Plaintiff testified that she talked to Officer Irwin over the phone on May 5, 2016, prior to the alleged sexual assault;[26] she could have sought and obtained evidence of her phone records even prior to her deposition, because such records would have been available to her and she would have known that they would support her claims. The Court remarked at the status conference that it would not endorse the parties' efforts to continue this litigation ad infinitum and again declines to do so.

### IV. PLAINTIFF'S STATE LAW CLAIMS

Having granted summary judgment to Defendants on Plaintiff's § 1983 claims, the only claims remaining are Plaintiff's state law claims. Accordingly, Defendants request that these claims be dismissed or remanded to state court.

A district court "may decline to exercise supplemental jurisdiction over a claim" where the court "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Because the Court has determined that Plaintiff's federal claims should be dismissed, it declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims. *See, e.g.*, *Shakouri v. Davis*, 923 F.3d 407, 411 (5th Cir. 2019).

### CONCLUSION

Accordingly,

---

[26] (Rec. Doc. 109-2, at 48).

**IT IS HEREBY ORDERED** that Defendants' *Motion for Summary Judgment* **(Rec. Doc. 98)** is **GRANTED**, Plaintiff's § 1983 claims are **DISMISSED WITH PREJUDICE**, and Plaintiff's state law claims are **DISMISSED WITHOUT PREJUDICE**.

New Orleans, Louisiana this 9th day of December, 2019.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE